## WATTS v. BLALOCK.

1. Plaintiff, by permission of a railroad company, erected a guano house near a depot, and on the right of way of the company, on lands of his wife then under mortgage. Under decree of foreclosure of this mortgage, plaintiff and his wife being parties thereto, defendant became the purchaser of the land, and afterwards took forcible possession of the guano house. Plaintiff brought action for damages and recovered a verdict. *Held,* that the judge committed no error in this case in charging the jury that defendant must show a grant from the State, or a chain of titles for twenty consecutive years.

2. Plaintiff is not estopped by reason of the action for foreclosure, to which he was a party, from now asserting his claim under the railroad company (which was not a party) to the guano house built on their right of way.

3. It is no error to refuse a charge which assumes the existence of facts at issue.

4. If defendant owned the fee in the land, and plaintiff had used the guano house only for the storage of guano shipped to him, still it did not give to defendant the right to gain possession by committing a trespass.

---

Before HUDSON, J., Laurens, February, 1881.

Hon. Thomas B. Fraser of the Third Circuit sat in the place of the chief justice, who had been of counsel in the cause.

This was an action by James W. Watts against L. W. C. Blalock for five hundred dollars damages. The opinion states the pleadings and some of the facts of the case.

The testimony shows that this guano house was built by plaintiff in 1875 by permission of the Laurens Railroad Company. The house was eight feet from the track and its rear not over forty feet from the road-bed; it was enclosed by a fence, except on the side towards the railroad track. Plaintiff testified that he built the house to be exclusively used for guano which he ordered and owned; that when given up by him it was to be the property of the railroad company; that he was agent of the railroad company at Martin's Depot, and also an agent for the sale of guano. "The guano came upon my own order, it came on railroad as freight and was paid for as freight. The railroad had no title to nor interest in it. No reservation was made in the sale of the Martin place. . . Guano was not then stored in the depot; all that came was stored in this house of mine. The house was then used by and was a benefit to the road."

The judge thus reports his charge:

At the conclusion of the argument the court was asked by the plaintiff's counsel to charge as follows:

"That it is necessary for defendants to connect themselves with grant from state or twenty years' possession to prove title." I charged as follows: That he who defends a trespass to realty on the ground that he is the owner in fee, must show a perfect title, and that can be done only by tracing his title back to a grant from the state, or by showing such possession by citizens of the state as will presume a grant, and from such must derive his title.

The counsel for defendant made the following request to charge:

1. That railways take only an easement, or right of way, in lands through which they pass.

2. That railways take only such interest in the soil through which they pass as may be required for the purposes of construction, for meeting the wants of the public in connection with the railway, and that the interest so taken cannot be diverted to any other purpose.

3. That the guano house, not being used for the purposes and not being under the control of the Laurens Railroad, and the

plaintiff having admitted that he is not the owner of the land lying on either side of said railroad and around said guano house, the plaintiff cannot recover.

The first and second were charged as correct; the third was refused.

In my charge to the jury I instructed them, among other things, that the defendant, Blalock, having justified the ousting of the plaintiff from the guano house, and his forcible possession and occupation thereof, by alleging in himself title to the Martin place, it devovled upon him to make good his plea of *liberum tenementum*. To do this he must either trace his title back to a grant from the state, or failing in that, he should show a presumptive grant, *i.e.*, he should show that for twenty years or more some one or more of the citizens of this state have occupied and used this land adversely to the state and the world. That this twenty years' adverse possession against her by her citizens in any order of continuous occupation, created the presumption of a grant; and that from some one of these successive occupants the defendant must derive title. The fact is, however, that I did not regard the question of defendant's title as the serious issue in the case, nor do I think it gave much concern to the jury. Admitting him to be owner of the fee, the real question was as to his right to seize the house.

The jury were also instructed that the company's right of way was an easement, the proper use of which the owner of the fee could not disturb. That the erection of the guano house on the right of way so near the company's depot and so near the track, under license from the company, to be used in relief of the depot, for storing guano, and to be turned over to the company so soon as the plaintiff ceased to use it as such, was not such a violation of the proper use of the right of way by the company and by the plaintiff as authorized and justified the seizure and occupation of the house by the defendant to the exclusion of the plaintiff. In doing this the defendant became a trespasser, and liable in damages. The question of the amount of damages, as all other questions in fact, were left to the jury.

Mr. *J. W. Ferguson*, for appellant.

Messrs. *Holmes & Simpson*, contra.

April 20, 1882.   The opinion of the court was delivered by
MR. JUSTICE FRASER.   This is an action of trespass alleging
that the plaintiff was in possession of a certain " guano house"
on the line of the Laurens Railroad, in the town of Martin's De-
pot, in Laurens county, claiming $500 damages for a trespass
by defendant, and costs.   The defendant after putting in issue
all the allegations of the complaint alleges that he " on the first
Monday in October, 1877, bought a tract of land commonly
known as the Martin place, at Martin's Depot, in said county
and state ; that on said tract of land and on and near the line
of the Laurens Railroad is a " guano house," and it is to this
house this defendant supposes the plaintiff to make reference
in his complaint.   This defendant alleges that the said Martin
place was sold by C. L. Fike, as sheriff of Laurens county, at
Laurens Court House, on the day aforesaid, without any reser-
vation of any kind, and was purchased by the said defendant
as aforesaid . . " that the said guano house at the time he made
the purchase of the said Martin place was enclosed by the
fencing on said place, and is so surrounded by the lands of said
place as to render it impossible for any one to use the said
guano house without the consent of this defendant."

It appears from the " case" before this court that A. P.
Martin died in 1862 and that in November following this tract
of land containing about 900 acres was sold as his property
under proceedings in partition, and was purchased by Kitty G.,
his widow, who gave her bond with sureties for the purchase
money.   She afterwards intermarried with plaintiff, J. W.
Watts.   This bond was given to the commissioner in equity,
and when that office was abolished was transferred to the cus-
tody of the clerk of the Court of Common Pleas.   Ira W.
Rice, the clerk, commenced proceedings to foreclose the statu-
tory lien, to which action the said Kitty G. and her husband,
the plaintiff, were parties defendant.   Under the decretal
order in this case the Martin tract was sold in October, 1877,

and purchased by the defendant, L. W. C. Blalock. The "guano house" had been built on the right of way of the Laurens Railroad by the plaintiff, with the permission of the authorities of the railroad, and was in the possession of the plaintiff, who was using it for storing guano for which he was agent at the time defendant entered and took possession. The jury found a verdict for plaintiff for $500, and defendant appeals from certain rulings of the presiding judge.

The first exception is as follows : 1. " Because, it is respectfully submitted, in view of the nature of the cause and the testimony adduced, that his Honor erred in ruling that it was necessary for the defendant to show a grant from the state or a chain of title extending through twenty years to the Martin place." As a general statement of a principle of law we think that there was no error in the ruling of the presiding judge on this point. *Add. Torts*, § 446. There is, however, a qualification of this proposition which defendant claims to have existed in this case, and the second exception is as follows : 2. " Because the Martin place having been sold, and bought by the defendant at a prior civil sale under proceedings to foreclose a statutory lien, it is respectfully submitted that his Honor erred in ruling that the defendant must show a better title to said Martin place than the deed of the sheriff who executed the order of the court." There are some cases where the party to an action upon whom is the burden of proving title to real estate can rely upon the doctrine of estoppel instead of going into the proof of his title by showing a grant or a presumption of a grant and thence by regular chain of conveyances. Such are the cases where it appears that both parties claim title from a common source, or where one claims under some judicial proceeding to which the other has been a party or a privy. In the latter cases the matter in issue in the cause before the court must have been at issue in the former proceeding, the benefit of which is sought. Now in the case at bar, it appears that the Laurens Railroad had been built many years before the sale for partition of the Martin estate, and had acquired the right of way over the land on which this guano house stands. The Laurens

Railroad Company has never been made a party to any of the proceedings in reference to this Martin place, and cannot be in any way concluded by it; and even if J. W. Watts, the plaintiff, has been concluded as to any other interest in the Martin place in consequence of his having been a party to the proceeding to foreclose the statutory lien, it is difficult to see how he can be in any way concluded in reference to the right of way in regard to which he has never been impleaded. The claim of the Laurens Railroad Company is paramount to that of the heirs of A. P. Martin and those who have their title. In this case plaintiff claims title under the Laurens Railroad Company which was entitled to possession of the *locus in quo.*

But the defendant in this case claims that if plaintiff is not concluded by the sale under the case of *Ira W. Rice, Clerk,* v. *J. W. Watts and wife,* that under the circumstances of this case he had a right to enter and take possession of the "guano house," as appears by the third exception, which is as follows : 3. "Because, it is respectfully submitted, his Honor erred in refusing to charge the jury as follows : ' that the guano house not being used for the purposes and not being under the control of the Laurens Railroad, and the plaintiff having admitted that he is not the owner of the land lying on either side of the railroad, the plaintiff cannot recover.' "

It was entirely proper that the presiding judge should refuse to charge " that the guano house not being used for the purposes and not being under the control of the Laurens Railroad." This was a question of fact for the jury. Again, it does not follow, that because the plaintiff admitted that he was not the owner of the land on either side of the railroad, that the defendant was the owner, and had the right to dispossess him. It does not follow, if all these facts be assumed in favor of defendant, and it be admitted that he is the owner of the fee, and that this guano house was used by the plaintiff for storing guano for sale which had been shipped to him as an individual that plaintiff could not recover in this action.

The defendant is here under the same allegation as to title as was the plaintiff in *Evans* v. *McLucas,* 15 *S. C.* 67. In that case, instead of defending, plaintiff brought the action to

recover a house built on the right of way of the W. C. and A. Railroad by permission of the company *as a warehouse for the purpose of receiving guano,* etc., from the cars. Plaintiff held the fee, and this court held that she could not recover the house either as a *fixture* or as *personalty.* The charters of the two companies as to this point are substantially the same. If the defendant in this case had brought his action against the plaintiff, he could not have recovered on such a title as he has shown in this case, and he cannot be allowed to put himself in a better position by committing a trespass on the plaintiff. The right of possession is a very sacred one, and the court will not allow the repose which it gives to be endangered by giving improper advantages to a trespasser. If defendant had a good title he should have resorted to the courts, where he could have obtained any redress to which by law he was entitled.

It is therefore ordered and adjudged that the exceptions be overruled, the judgment of the Circuit Court affirmed, and the appeal dismissed.